### CHARLES McCOLLUM v. THE STATE.

*No. 3371.     Decided October 25.*

1.  **Theft from the Person—Indictment.**—The first count of the indictment in this case, conforming strictly to No. 473 of Willson's Criminal Forms, is sufficient to charge the offense of theft from the person.

2.  **Same—Practice—Predicate.**—The non-residence in this State of a witness, as a predicate for the introduction in evidence of the record of his testimony on the examining trial, may, like any other issue in the case, be established by circumstantial evidence. But see the opinion for the substance of proof adduced on such an issue, *held*, insufficient to establish the necessary predicate in this case.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

This conviction was for the theft of a gold watch from the person of John McLain, and the penalty assessed was a term of two years in the penitentiary.

*H. L. Stuart,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Neither of the objections urged to the indictment are maintainable. The first count—theft from the person—is in the language of the statute, and in strict conformity with approved precedents. Penal Code, arts. 744, 745; Willson's Crim. Forms, 473, p. 206.

For the purpose of laying a predicate for the introduction of the testimony of John McLain, taken in writing on the examining trial—the said McLain being the alleged injured party—the prosecution proposed to read the affidavit of one James Howton to the effect that McLain, who was absent, resided out of the State. Code Crim. Proc., art. 772. Defendant controverted the affidavit of said Howton, and testimony pro and con was heard on this issue. Howton himself testified that McLain had no permanent residence, and that the last place he saw him was in Texas. "He traveled about from place to place with a magic lantern show. Something about a month ago he told me that he made his headquarters at Ardmore, Indian Territory, and asked me to send him work in the jew-

elry line there." The witness testified that he had been at Ardmore during the past week, but did not see McLain there.

John Welch testified that he "had seen McLain in Gainesville, Texas, a number of times. * * * Do not know where he lived. * * * I once asked him where his home was, and he replied that it was wherever his buggy was and wherever he had his hat on."

Ware, the sheriff, testified that he sent an attachment to Ardmore for McLain, and that McLain was seen by him afterwards as a witness in this case. That on the following Wednesday morning he (the sheriff) was passing through Ardmore, Indian Territory, and saw McLain there, "and he told me if I wanted him as a witness to telegraph him at Ardmore, and he would come to Gainesville. I, however, took him and put him on the train and brought him down to Gainesville, Texas, with me. From here I do not know where he went to."

This is in effect the substance of the best evidence for the State upon the issue as to whether or not McLain resided out of the State. The court held it was sufficient to establish the predicate for the admission of his written testimony given on the examining trial, and over objections of defendant permitted the said written testimony of McLain to be read in evidence against him. Whilst the fact that a party resides out of the State may, upon this issue, be proved by circumstantial evidence (Conner v. The State, 23 Texas Court of Appeals, 378), yet we do not believe that the circumstances proved in this instance were sufficient to establish the fact. Most of the witnesses had seen McLain oftener in Texas than elsewhere, and no witness could say that he did not reside in Texas.

Upon the uncertain state of the evidence we are of opinion the court erred in holding the evidence admissible. Pinkney v. The State, 12 Texas Ct. App., 352; Martinas v. The State, 26 Texas Ct. App., 91.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.